IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSH WENDELL HARRIS                                                                  PLAINTIFF

v.                                  CIVIL NO. 22-cv-5055

KILOLO KIJAKAZI, Acting Commissioner                                                 DEFENDANT
Social Security Administration

## MEMORANDUM OPINION

Plaintiff, Josh Wendell Harris, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed his application for DIB on December 1, 2020. (Tr. 11). In his application, Plaintiff alleged disability beginning on March 18, 2020, due to Huntington's disease, memory loss, depression, anxiety, and tremors. (Tr. 11, 201). An administrative hearing was held via telephone on October 27, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 41–88). A vocational expert ("VE") also testified. *Id*.

On January 12, 2022, the ALJ issued an unfavorable decision. (Tr. 8–27). The ALJ found that Plaintiff had the following severe impairments: Huntington's disease/Huntington's chorea and obesity. (Tr. 24). The ALJ found Plaintiff had the nonsevere but medically

determinable impairments of mild neurocognitive disorder, adjustment disorder with mixed anxiety and depressed mood/anxiety, and panic disorder. The ALJ found Plaintiff's impairments did not meet or medically equal the severity of any of the impairments listed in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 15–16). The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of light work as defined in 20 C.F.R. § 404.1567(b).

With the assistance of the VE, the ALJ found Plaintiff could perform his past relevant work as a marketing sales representative of dental and medical equipment and supplies, as an administrative clerk, and as a delivery driver. (Tr. 21). Alternatively, the ALJ found that considering Plaintiff's RFC, age, education, and work experience in conjunction with the Medical-Vocational guidelines found at 20 C.F.R. Part 404, Subpart P, Appendix 2, a finding of not disabled was directed by Medical-Vocational Rule 202.21. (Tr. 22). The ALJ found Plaintiff's was not disabled from March 18, 2020, through January 12, 2022, the date of his decision. (Tr. 23).

Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence

exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following points on appeal: 1) Whether the ALJ erred by failing to consider all of Plaintiff's impairments in combination; 2) Whether the ALJ erred in finding Plaintiff retained the residual functional capacity to perform his past relevant work as a sales representative and administrative clerk, and a delivery driver; 3) Whether the ALJ erred in finding Plaintiff retained the RFC to perform a full range of light work; and 4) whether the ALJ erred by failing to fully and fairly develop the medical record. (ECF No. 12). Defendant argues the ALJ properly considered all of Plaintiff's impairments individually and in combination, and appropriately considered Plaintiff's Huntington's disease under listing 11.17. (ECF No. 13). Defendant argues that the ALJ appropriately considered the medical opinion evidence in determining Plaintiff's RFC. Defendant argues the ALJ properly determined Plaintiff's RFC, and relied upon VE testimony about Plaintiff's past work to determine Plaintiff could perform such work. Finally, Defendant argues the ALJ was not required to order neurological consultation in order to fully and fairly develop the record and had discussed psychological examination instead of neuropsychological testing with Plaintiff's counsel at the hearing and Plaintiff's counsel agreed to this method of examination.

The Court has reviewed the entire transcript and the parties' briefs and agrees with Defendant's assertion that this decision was supported by substantial evidence. While Plaintiff has been diagnosed with Huntington's disease, the ALJ considered this diagnosis and all of

Plaintiff's other diagnoses in making his decision. (Tr. 8–27). More importantly, he considered the limitations Plaintiff experienced during the relevant time period as well as his remaining capabilities. Plaintiff argues that his mental limitations, particularly his memory problems, were not appropriately considered. (ECF No. 12). However, his memory scores were in the average range in all areas of the Weschler Memory Scale, which the ALJ considered. (Tr. 14–15, 413). For the reasons stated in the ALJ's well-reasoned opinion and in the Defendant's brief, the Court finds Plaintiff's arguments on appeal to be unpersuasive and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

    IT IS SO ORDERED this 18th day of July 2023.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE